[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The assignment of error, which alleges that the trial court erred in granting summary judgment in favor of Guardian Savings Bank ("Guardian") on its cross-claim against Avondale Housing Action Program ("Avondale"), is overruled. A review of the record reveals that there is no genuine issue of material fact and that Guardian Savings Bank is entitled to judgment as a matter of law. See Civ.R. 56(C).
On December 28, 1984, Avondale executed an open-ended mortgage in favor of Guardian on certain real property. Avondale failed to pay the real estate taxes due on the property. On March 23, 1992, Guardian notified Avondale of its default under the provisions of the mortgage for nonpayment of real estate taxes. Guardian required Avondale to pay monthly into an escrow account one-twelfth of the current real estate taxes due, plus an amount to cure the delinquent tax obligation. Avondale made the monthly escrow payments through December 29, 1993. Avondale made no escrow payments after that date, nor did Avondale pay real estate taxes directly to the Treasurer, resulting in the within action to foreclose on the property.
R.C. 323.41 places the primary responsibility for the payment of real estate taxes on the owner of the real property. No agent of the owner is required to pay real estate taxes unless "he has sufficient money of his principal to pay them." See R.C. 323.41.
Pursuant to paragraph 2 of the mortgage, Avondale was required to pay monthly one-twelfth of the yearly taxes and assessments "which may attain priority over" the mortgage. Further, paragraph 2 provides that if the funds held by Guardian were insufficient to pay the taxes as they became due, Avondale was to make up the difference within thirty days of a notification requesting payment. Paragraph 4 of the mortgage required Avondale to "pay all taxes, assessments and other charges" "which may attain a priority over" the mortgage. The mortgage provides in paragraph 18 that, upon the breach of any covenant that continued after notice of default, Guardian was entitled to declare all sums secured by the mortgage due and payable, and to foreclose on the property.
Pursuant to law and the mortgage instrument, Avondale was required to pay the real estate taxes. Avondale failed to do so, even after being notified of its delinquent tax obligation and its breach of the terms of the mortgage. The trial court correctly granted summary judgment in favor of Guardian.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.